IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JEFFREY ROEDER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL CASE NO. H:22-4275 |
| § | |
| ALLSTATE VEHICLE AND PROPERTY § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |
| § | |

**MEMORANDUM AND ORDER**

This is a first party property-damage insurance dispute. Jeffrey Roeder, individually and as executor of the estate of his mother, Ann Roeder, sued Allstate Vehicle and Property Insurance Company after his mother's home was damaged during freezing temperatures in February 2021. Roeder filed a claim on his mother's Allstate property insurance policy. Allstate adjusted the claim and paid, but the amount was less than what Roeder believed was owed. Roeder disputed Allstate's position, and Allstate informed Roeder that it would appoint an appraiser. The policy provided that both the insurer and insured would select an appraiser if a dispute arose. Roeder sued, alleging breach of contract, bad faith, and statutory violations. After this suit was filed, Roeder's and Allstate's appraisers reached an agreement on valuation, and Allstate paid the outstanding balance. Allstate then moved for summary judgment, Roeder responded, and Allstate replied.

Based on the complaint, the motion and response, the summary judgment record, and the applicable law, the court grants Allstate's motion for summary judgment. Final judgment is entered by separate order. The reasons for this ruling are set out below.

I.  **Background**

Jeffrey Roeder's mother, Ann Roeder, owned a home in Pasadena, Texas, which Allstate insured. In February 2021, Winter Storm Uri caused the pipes in the home to burst, causing damage. (Docket Entry No. 1-1 at 4). Roeder promptly filed a claim. Allstate adjusted the claim in March 2021, and made payments through January 2022 totaling $68,230.73. Allstate also made payments for damaged personal property totaling $20,221.63 through January 2022. (Docket Entry No. 11-2). Roeder does not dispute these payments.

After Roeder's attorney sent Allstate a demand letter, Allstate invoked the policy's appraisal clause. (Docket Entry No. 13-1 at 24). Allstate and Roeder each appointed an appraiser at their own cost. (*Id.*). In April 2023, the appraisers agreed that the value of the dwelling damages was $100,072.83. (Docket Entry No. 11-1). Allstate paid Roeder $20,435.48, the difference between the actual value and the dwelling payments already made minus depreciation of $6,666.62 and Roeder's deductible of $4,740.00. (Docket Entry No. 11-3). Allstate also paid 12.5% interest on the outstanding sum backdated to April 2021, for a total of $5,225.32.

Roeder's complaint initially asserted breach of contract, bad faith, and Deceptive Trade Practices Act violations. (Docket Entry No. 1 at 6–7). In their summary judgment briefing, neither party addresses the Deceptive Trade Practices Act, but both discuss the Texas Prompt Payment of Claims Act, TEX. INS. CODE § 542 *et seq*. (Docket Entry Nos. 11 at 4, 12 at 5). Roeder's claim arises under that Act.

II.  **The Rule 56 Standard**

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)). "A fact is material if it might affect the outcome of the

suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial.'" *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted). "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting references omitted). The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted). All reasonable inferences are drawn in the nonmovant's favor. *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022). But a nonmovant "cannot defeat summary judgment with

3

conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

**III. Analysis**

Allstate argues that because "[t]his case has been through the appraisal process as provided by the contract . . . there remains no justiciable issues for the trier of fact." (Docket Entry No. 11 at 1). Roeder responds that the appraisal award does not preclude him from additional recovery because "the loss in question has not been fully paid" and "there remain material fact issues concerning attorney's fees unpaid and interest unpaid." (Docket Entry No. 12 at 3).

**A. The Breach of Contract Claim**

Under Texas law, the elements of a breach of contract claim are: (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach. *Crose v. Humana Ins. Co.*, 823 F.3d 344, 347 (5th Cir. 2016). In *Ortiz v. State Farm Lloyds*, Ortiz brought a breach of contract claim against State Farm "premised on the fact that the appraisal award valued the covered loss in an amount greater than State Farm initially assessed." 589 S.W.3d 127, 132 (Tex. 2019), *reh'g denied* (Dec. 13, 2019). The Texas Supreme Court affirmed summary judgment in State Farm's favor, holding that "[i]t simply does not follow that an appraisal award demonstrates that an insurer breached by failing to pay the covered loss." *Id.* at 132–33. The court explained that "[i]f it did, insureds would be incentivized to sue for breach every time an appraisal yields a higher amount than the insurer's estimate (regardless of whether the insurer pays the award), thereby encouraging litigation[.]" *Id.* at 133. "[T]he insurer's payment of the award bars the insured's breach of contract claim premised on a failure to pay the amount of the covered loss." *Randel v. Travelers Lloyds of Texas Ins. Co.*, 9 F.4th 264, 267 (5th Cir. 2021).

Roeder's breach of contract claim is based on the fact that Allstate's initial payments did not fully cover damages to the property. (Docket Entry No. 1 at 4–5). Allstate notified Roeder that it was beginning its appraisal process before Roeder filed suit. (*Id.*). After Roeder filed, Allstate completed its appraisal and paid Roeder the difference between the appraisal award and prior payments, less depreciation and deductible, and including interest. Roeder's response provides no basis to hold that Allstate should be liable for breach of contract after it paid the appraisal award. Instead, Roeder claims that the $20,221.63 paid to him before appraisal for personal property was improperly deducted from his dwelling appraisal payment, and his appraisal payment was less than he was owed. (Docket Entry Nos. 12-1, 14).

The arithmetic does not support Roeder's claim. The appraisers found that the personal property loss was only $250.00. Because Roeder had already been paid $20,221.63, far more than $250.00, he received no further personal property payments post-appraisal. The personal property payments were not deducted from the dwelling payments, as is clearly shown by the summary judgment evidence. (Docket Entry No. 11-3).

Allstate is entitled to summary judgment on the breach of contract claim.

**B.  The Prompt Payment of Claims Act Claim**

The Prompt Payment of Claims Act requires an insurer to pay a policyholder's claim within 60 days of receiving the documents needed to resolve the claim. *Mainali Corp. v. Covington Specialty Ins. Co.*, 872 F.3d 255, 258 (5th Cir. 2017, *revised* Sept. 27, 2017) (citing TEX. INS. CODE § 542.058). If an insurer does not comply "[i]n an action to which Chapter 542A applies[,]" the insurer will be liable for "simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees."

5

TEX. INS. CODE § 542.060(c). Chapter 524A governs claims for property damage and applies here. TEX. INS. CODE § 542A. The judgment rate under Section 304.003 was 7.75% at the time of payment in April 2023. Allstate argues that it is entitled to summary judgment because it paid the 12.75% interest rate in compliance with the Act. (Docket Entry No. 11 at 4). Roeder seems to argue, citing *Barbara Technologies Corporation v. State Farm Lloyds*, 589 S.W.3d 806 (Tex. 2019), that because his appraisal payment was insufficient, he is also owed further interest. (Docket Entry No. 12 at 4).

In *Barbara Technologies Corporation*, the insured filed a claim for damages from wind and hail. State Farm rejected the claim after finding that the damages were less than the policy deductible. *Id.* at 809. The insured sued, alleging violations of the Texas Prompt Payment of Claims Act. *Id*. The trial court granted State Farm's summary judgment motion, and the court of appeals affirmed, holding that full and timely payment of an appraisal award precludes an insured from recovering damages under the Texas Prompt Payment of Claims Act, as a matter of law. *Id.* at 810. The Texas Supreme Court reversed, holding that "invocation of the contractual appraisal provision to resolve a dispute as to a claim rejected in accordance with the TPPCA's procedural requirements neither subjects an insurer to TPPCA damages nor insulates the insurer from TPPCA damages." *Id.* at 827. The Court explained that "[a]n insurer will become liable for TPPCA damages under section 542.060 only if it (1) accepts liability or is adjudicated liable under the policy, and (2) violated a TPPCA deadline or requirement." *Id.* at 827–28. The Court remanded the case to the trial court because neither party had established whether State Farm was liable under the Act. *Id.* at 828.

In reaching its decision, the *Barbara Technologies* court found *Breshears v. State Farm Lloyds*, 155 S.W.3d 340 (Tex. App.—Corpus Christi 2004), persuasive. In *Breshears*, the

6

homeowners filed a claim with State Farm for $23,735.92. But after investigating, State Farm sent an estimate for $18,742.15 and a check for $13,502.51, which accounted for the policy deductible and earlier credits. *Id.* at 342. The homeowners sued, alleging breach of contract and Texas Insurance Code violations. *Id.* The trial court abated the case so that the parties could proceed with appraisal. *Id.* The appraisers found the loss to be $21,484, and State Farm sent the homeowners an additional $5,698.36. *Id.* The homeowners moved to continue, arguing "that because of the appraisal process, they were not actually paid until State Farm paid them the difference between the first payment and the appraisal award, which occurred long after the sixty-day statutory limit." *Id.* at 345. The court of appeals disagreed, holding that "[t]he fact that the appraisal process was later invoked does not alter the fact that State Farm complied with the insurance code, and provided a reasonable payment within a reasonable time." *Id.*

Here, Allstate promptly responded to Roeder's claim and paid the appraisal award within the 60-day statutory period. Allstate made its first payment in March 2021, less than a month after receiving Roeder's claim. (Docket Entry No. 12). Roeder's counsel sent the notice of claim on October 24, 2022, and State Farm responded on November 14, 2022, by invoking the appraisal clause of the contract. (Docket Entry No. 12-2 at 14). The appraisal was agreed to on April 11, 2023, and Allstate paid the award on April 14, 2023. (Docket Entry No. 11-4). As explained above, Roeder has not established he was not paid the full amount due following the appraisal. He cannot sustain a claim under the Prompt Payment Act on this record.

Roeder argues that Allstate's preappraisal payments were not reasonable, as required by *Randel v. Travelers Lloyds of Texas Ins. Co.*, 9 F.4th 264 (5th Cir. 2021) and *Barbara Technologies*. (Docket Entry No. 12 at 5). "[E]ven a preappraisal payment that seemed reasonable at the time does not bar a prompt-payment claim if it does not 'roughly correspond' to the amount

7

ultimately owed." *Randel*, 9 F.4th at 265–66 (citing *Hinojos v. State Farm Lloyds*, 619 S.W.3d 651, 658 (Tex. 2021)).  Although there is no articulated standard as to what payment "roughly corresponds," courts have found Prompt Payment Act liability when 20% of payments were made pre-appraisal and have found no liability when 65% of payments were made pre-appraisal. *See Shin v. Allstate Texas Lloyd's*, 848 F. App'x 173 (5th Cir. 2021); *Lee v. Liberty Ins. Corp.*, No. 3:19-CV-321, 2021 WL 4502323 (N.D. Tex. Sept. 30, 2021).  Here, the pre-appraisal payments were over 75% of the ultimate award less depreciation and deductible.  Allstate is entitled to summary judgment on Roeder's Prompt Payment Act claim because it complied with the statutory deadlines and made reasonable payments.

### C. The Bad-Faith Claim

Allstate argues that Roeder cannot maintain extracontractual causes of action, including for bad faith, because he has no right to additional policy benefits and has not alleged an independent injury. (Docket Entry No. 11 at 3–4).  Roeder does not respond to this argument.

The Texas Insurance Code authorizes a private action against an insurer that commits "an unfair or deceptive act or practice in the business of insurance" that causes damages to another. TEX. INS. CODE § 541.151.  The Texas Supreme Court recently held that "the insurer's payment of the [appraisal] award bars the insured's . . . common law and statutory bad faith claims to the extent the only actual damages sought are lost policy benefits."  *Ortiz*, 589 S.W.3d at 129.  In *Ortiz*, the Texas Supreme Court explained that "although a breach of contract finding is not a prerequisite to recovery for a statutory violation that 'caused' the insured's damages, the 'general rule' is that 'an insured cannot recover policy benefits as actual damages for an insurer's statutory violation if the insured has no right to those benefits under the policy.'" *Ortiz*, 589 S.W.3d at 134 (quoting *Menchaca*, 545 S.W.3d at 495).  Additionally, "any award of attorney's fees or treble

damages is premised on an award of underlying 'actual damages.'" *Id.* The court found that through the appraisal process Ortiz had received all the policy benefits he was entitled to and that he had presented no evidence of an independent injury, making summary judgment for State Farm on his bad-faith claims appropriate. *Id.* at 135.

Roeder's claim predates Allstate's appraisal award, and he has not provided any new grounds or evidence to support a finding of bad faith. Roeder does not address this issue in his response to Allstate's summary judgment motion, presenting no evidence of an independent injury. Allstate is entitled to summary judgment on Roeder's bad-faith claim.

### D. The Attorney's Fees Claim

Allstate argues that Roeder cannot recover attorney's fees because "there is no breach of contract, and without that there are no attorneys fees available as a matter of law . . . [and] a plaintiff who does not recover actual damages cannot recover attorneys fees under the Insurance Code." (Docket Entry No. 11 at 5–6). Because Allstate is entitled to summary judgment on all of Roeder's claims, attorney's fees are not available, as a matter of law. *Reyna v. State Farm Lloyds*, No. 4:19-CV-3726, 2020 WL 1187062 (S.D. Tex. Mar. 12, 2020). Allstate is entitled to summary judgment on Roeder's attorney's fees claim.

Roeder also claims that Allstate is liable for the cost of his appraiser. However, Roeder's insurance contract states that each appraiser will be appointed at the cost of the party hiring that appraiser. (Docket Entry No. 13-1 at 24). Roeder does not address the effect of this contract provision on his claim for appraiser's fees. There is no basis for Roeder to recover the cost of the appraiser he appointed. *Gonzalez v. Allstate Vehicle & Prop. Ins. Co.*, 474 F. Supp. 3d 869, 875 (S.D. Tex. 2020).

9

## IV.     Conclusion

Allstate's motion for summary judgment, (Docket Entry No. 11), is granted. Final judgment is separately entered.

SIGNED on September 14, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge