United States District Court
Southern District of Texas
**ENTERED**
October 18, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY ROEDER, | § § § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-22-4275 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | § § § | |
| Defendant. | § § § | |

**MEMORANDUM AND ORDER**

Jeffrey Roeder has moved for reconsideration of this court's September 14, 2023, Memorandum and Opinion granting summary judgment for the defendant in this insurance dispute. (Docket Entry Nos. 17–18). Based on the motion, the response, and the applicable law, the court denies the motion for reconsideration. The reasons are set out below.

**I.     The Rule 59(e) Standard**

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, 403 F. Supp. 3d 610, 616 (S.D. Tex. 2019) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997)). A motion asking the court to reconsider a prior ruling is evaluated as a motion to alter or amend a judgment under Rule 59 if it is filed within 28 days of the entry of judgment. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Mr. Roeder filed its motion within the 28-day window, so its motion is evaluated as a Rule 59(e) motion.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (internal quotation omitted). A Rule 59(e)

motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479. A party seeking reconsideration must satisfy "at least one of" the following criteria: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary . . . to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law." *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, 305 F. Supp. 3d 711, 717 (E.D. La. 2018).

**II.     Analysis**

    **A.  The Texas Prompt Payment of Claims Act Claim**

Mr. Roeder argues that the court "did not cite the Texas Supreme Court analysis that controls this issue[,]" *Hinojos v. State Farm Lloyds*, 619 S.W.3d 651 (Tex. 2021). (Docket Entry No. 18-1 at 3). The court did, however, cite to *Hinojos* and analyzed the pre-appraisal payment under *Randel v. Travelers Lloyds of Texas Ins. Co.*, 9 F.4th 264 (5th Cir. 2021), the Fifth Circuit case law incorporating the change in law announced by *Hinojos*. Using the *Randel* and *Hinojos* precedents, the court examined examples of pre-appraisal payments that were found to "roughly correspond" to the ultimate appraisal award and concluded that the appraisal award here does "roughly correspond" to the pre-appraisal payments made. (Docket Entry No. 16 at 8).

Mr. Roeder appears to believe that it is the amount of underpayment rather than the proportion of underpayment that determines whether an appraisal award "roughly corresponds" to the pre-appraisal payment. (Docket Entry No. 18-1 at 3). In *Hinojos*, the insurance company paid

about $4,000 before the appraisal on a loss later valued by the appraisers at about $26,000 after subtracting the deductible and depreciation. Here, the insurance company paid over $68,000 before the appraisal, on a loss later valued by the appraisers at about $89,000 after subtracting the deductible and depreciation. The insurance company also paid interest on the post-appraisal payment. Although the amount of underpayment in the two cases may be similar, the proportion of underpayment is plainly different. Courts in the Fifth Circuit have looked to the proportion of the award paid before the appraisal in determining whether that amount roughly corresponds to the amount the appraisers awarded. *See Shin v. Allstate Texas Lloyd's*, 848 F. App'x 173 (5th Cir. 2021); *Lee v. Liberty Ins. Corp.*, No. 3:19-CV-321, 2021 WL 4502323 (N.D. Tex. Sept. 30, 2021). This court follows their approach as the logical method of determining correspondence between two awards.

Mr. Roeder has not pointed to new law or facts that would alter the court's judgment that the pre-appraisal payments, which were over 75% of the ultimate award less depreciation and deductible, "roughly correspond" to the appraisal award. The motion to reconsider is denied.

B.  The Request for Additional Recovery

Mr. Roeder appears to make two arguments in support of his request for additional recovery. The first is that the court has "allowed the Defendant to back out its previous payment (on contents only)[,]" (Docket Entry No. 18-1 at 4). The second is that he has been denied "a full recovery on his appraised property damage" because the court's arithmetic was wrong. (*Id.*). On the first point, the court did not rule that Allstate can "back out" of any prior payments. The record is clear that Mr. Roeder received three pre-appraisal property payments, in the amounts of $10,893.53, $52,327.99, and $5,009.21, for a total of $68,230.73. (Docket Entry No. 11-2). This amount does not include the separate $20,221.63 paid for content damages. After the appraisal,

3

Allstate paid Mr. Roeder $20,435.48 for property damages. (Docket Entry No. 11-3). Mr. Roeder received a total of $88,666.21 for property damages, not including the interest that Allstate paid.

The appraisal assessed the property damages at $100,072.83. Depreciation was valued at $6,666.62, and Mr. Roeder's deductible was $4,740.00. (Docket Entry Nos. 11-1, 11-3). This means that Mr. Roeder was owed $100,072.83 – ($6,666.62 + $4,740.00), or $88,666.21. Mr. Roeder was paid what he was owed for his property damages. Mr. Roeder has shown no basis in law, fact, or arithmetic that would entitle him to reconsideration.

### C. The Attorney's Fees Claim

Mr. Roeder claims that the court did not consider "the procedural posture of this (closed) claim[.]" (Docket Entry No. 18-1 at 2). However, the case he cites, *Goldberg v. Chubb Lloyd's Ins. Co. of Texas*, No. 4:21-CV-3112, 2022 WL 2707759 (S.D. Tex. June 27, 2022), *report and recommendation adopted*, No. 4:21-CV-3112, 2022 WL 2704846 (S.D. Tex. July 12, 2022), does not mention attorney's fees. Indeed, the *Goldberg* court held the insurance claim was time-barred.

Although Mr. Roeder may believe that "[a] more compelling instance of reasonable and necessary attorney's fees does not exist[,]" (Docket Entry No. 18-1 at 2), he provides no case law to support the award he seeks. Nor does he address the effect of the case cited by this court in its denial of attorney's fees, which explains that when an insurance company "is entitled to summary judgment on all of [the insured's] claims, attorney's fees are not available, as a matter of law." *Reyna v. State Farm Lloyds*, No. 4:19-CV-3726, 2020 WL 1187062, at *5 (S.D. Tex. Mar. 12, 2020). Reconsideration of the denial of attorney's fees is not warranted.

### D. The New Trial Claim

"Where, as here, no trial has taken place, a motion for new trial is not the proper vehicle to challenge final judgment." *Hodge v. Bank of New York Mellon as Tr. (CWABS 2006-SD2)*, No.

4

3:18-CV-3040-X-BH, 2020 WL 7863809, at *1 (N.D. Tex. Dec. 7, 2020), *report and recommendation adopted*, No. 3:18-CV-03040-X-BH, 2020 WL 7863460 (N.D. Tex. Dec. 29, 2020) (citing *Hernandez v. Siemens Corp.*, 726 F. App'x 267, 269 (5th Cir. 2018)). A new trial is not the proper remedy here.

### III. Conclusion

Mr. Roeder's motion presents insufficient grounds for the "extraordinary remedy" of reconsideration. He instead attempts to relitigate issues that the court decided in ruling on the motion for summary judgment. *Templet*, 367 F.3d at 478–79 (A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.").

Roeder's motion for reconsideration, (Docket Entry No. 18), is denied.

SIGNED on October 18, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge